UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERMAL AMETAJ,

    Plaintiff,

v.

Case No. 09-13417

Honorable Patrick J. Duggan

JANET NAPOLITANO, Secretary,
Department of Homeland Security; JOHN
MORTON, Director, Immigration and
Customs Enforcement; and REBECCA
ADDUCCI, Acting Director Detroit
Immigration and Customs Enforcement,

    Defendants,

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 17, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On August 28, 2009, Ermal Ametaj ("Plaintiff") filed an Emergency Motion for Hearing on Petition for Writ of Habeas Corpus and Request for Immediate Stay of Removal.[1] On September 1, 2009, the Court held a hearing on the motion. At the

---

[1] At the Court's docket entries numbers 1 & 2, Plaintiff purportedly filed a "Petition for Writ of Habeas Corpus" and an "Emergency Motion to Stay Removal." When those entries are opened, however, they contain identical files titled "Emergency Motion for Hearing on Petition for Writ of Habeas Corpus and Request for Immediate Stay of Removal." To date, no separate habeas petition has been filed.

hearing, the government opposed Plaintiff's motion and habeas petition on grounds that this Court lacks subject matter jurisdiction over the petition. The government also argued that Plaintiff's due process claims lack merit. After hearing the parties' arguments, the Court requested—and the government agreed—that Plaintiff's removal be temporarily delayed until the parties could submit briefs and the Court could make an informed decision on the issues. In accord with this agreement, the government filed a response to Plaintiff's motion on September 8, 2009, and Plaintiff replied September 11, 2009. The Court held a second oral argument on September 17, 2009. For the reasons set forth below, the Court dismisses Plaintiff's petition.

**I. Factual and Procedural Background**

On June 16, 2003, Plaintiff, a citizen of Albania, arrived at the United States border carrying an Italian passport and a visa waiver application, both of which had been falsified. Plaintiff forfeited the documents to immigration officials and sought asylum from alleged persecution in Albania. Finding Plaintiff's fears credible, an immigration official paroled Plaintiff into the country for a hearing before an immigration judge regarding his application for asylum.

On October 24, 2003, Plaintiff appeared before an immigration judge at a master calendar hearing. At that time, Plaintiff's then-counsel acknowledged that Plaintiff was in asylum-only proceedings and was seeking asylum, withholding of removal, and relief under the Convention Against Torture. On August 24, 2005, the immigration judge held a merits hearing and denied Plaintiff all requested relief. Plaintiff appealed the decision to the Board of Immigration Appeals ("BIA") but that appeal was dismissed on December

12, 2006. Plaintiff's subsequent petition for review to the Eleventh Circuit Court of Appeals was denied on July 7, 2007.

While the aforementioned hearings and appeals were pending, Plaintiff's mother, a lawful permanent resident, filed a Form I-130 Alien Relative Petition on Plaintiff's behalf. That petition, filed on October 17, 2005, remains pending.

Sometime after the Eleventh Circuit denied Plaintiff's petition to appeal, Plaintiff relocated to Michigan and obtained new counsel. Under counsel's guidance, Plaintiff appeared at the Detroit Immigration and Customs Enforcement ("ICE") Office on February 5, 2009, with a copy of his mother's Form I-130 petition and a Form I-246 Application for Stay to stay removal pending resolution of the Form I-130 petition. In support of his application, Plaintiff indicated that he needed to remain in the country to care for his elderly and ill father who is also a lawful permanent resident. On May 28, 2009, the ICE Field Director denied Plaintiff's application for stay. Plaintiff filed two subsequent applications for stay in lieu of arranging for his departure from the country as ordered by the ICE Field Director. Both subsequent applications were denied.

On August 28, 2009, the Field Director gave Plaintiff the option of departing on his own if he appeared with a purchased itinerary on September 1, 2009, and departed by September 6, 2009. As indicated above, Plaintiff filed the present motion in this Court on the same day—August 28, 2009.

**II. Jurisdiction**

The government's first argument in opposition to Plaintiff's motion and petition is

3

that this Court lacks jurisdiction over the case.  The Real ID Act of 2005 limits the ability of district courts to review removal orders in immigration cases by providing that:

> Notwithstanding any other provision of law (statutory or non-statutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 [pertaining to district court jurisdiction over mandamus actions] and 1651 [pertaining to the authority of federal courts to issue writs] of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review* of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section [pertaining to review of expedited removal orders].

8 U.S.C. § 1252(a)(5) (emphasis added).  The same section goes on to prohibit any court from exercising jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 12(g).  The government argues that Plaintiff's present petition and motion improperly seek judicial review of an order of removal in this Court.

Plaintiff presents two counter-arguments: first, Plaintiff asserts that he is not challenging the decision of the immigration judge but rather is presenting a due process challenge to the type of hearing and limited rights he was afforded; second, Plaintiff asserts that there has been no order of removal on which he can present a challenge in the court of appeals.  Both arguments lack merit.

**A. Due Process Challenge**

The Real ID Act's limitation on district court jurisdiction applies to both direct and indirect challenges to orders of removal.  *Nwankoso v. Dep't of Homeland Security*, No. 9:06CV98, 2006 WL 212368, at *1 (N.D.N.Y. Jan. 25, 2006).  Consequently, judges in

4

this district have consistently concluded that the Real ID Act limits district court jurisdiction over related due process claims. *See, e.g.*, *Benitez v. Dedvukaj*, No. 09-CV-13386-DT, 2009 WL 2905556, at *3 (E.D. Mich. Sept. 4, 2009) ("Plaintiff cannot circumvent the REAL ID Act's review provisions and express limitation of district court jurisdiction by claiming that he is pursuing in this court a due process claim that is somehow distinct from his removal order."); *Konopka v. Clausen*, No. 09-11840, 2009 WL 1384176, at *1 (E.D. Mich. May 14, 2009) ("[S]he argues that the lack of notice regarding her removal proceedings violated her due process rights. This claim directly attacks the removal order itself . . . .").[2]

Stripped of legal labels, Plaintiff's petition and motion are nothing more than a challenge to the decision that Plaintiff must depart from the country. Plaintiff's argument that he was denied due process of law in the underlying immigration proceedings necessarily implies that the immigration judge's decision was made after procedurally defective hearings in violation of constitutional law. There is simply no way for this Court to resolve Plaintiff's present claim without conducting a judicial review of the immigration proceedings that resulted in the denial of asylum to Plaintiff. Because the Real ID Act prohibits this Court from conducting such a review, Plaintiff's petition must be dismissed for lack of jurisdiction.

---

[2]The single case cited by Plaintiff in opposition to this point fails to present relevant circumstances. In *Kellici v. Gonzales*, the plaintiff's habeas petition "did not contest or even mention the hearings before the IJ and BIA and the final order of removal." 472 F.3d 416, 420 (6th Cir. 2006). Rather, the plaintiff in *Kellici* challenged his arrest and physical detention where he failed to comply with an order of which he had no notice. *Id.* at 417. In contrast, Plaintiff's petition challenges the constitutionality of the underlying immigration proceedings and Plaintiff has not been subject to arrest or physical detention.

**B. Order of Removal**

Plaintiff also argues that the Real ID Act does not bar his petition in this Court because his immigration hearings did not result in an "order of removal" and, therefore, there is no order for him to challenge in a court of appeals. This argument places form over substance and ignores the history of Plaintiff's case.

Because Plaintiff was never actually admitted to the United States—he was paroled in pending a hearing regarding his asylum application—the immigration judge did not issue an "order of removal." In cases like Plaintiff's, however, "the denial of asylum and withholding of removal . . . constitutes a 'final order of removal' for jurisdictional purposes." *Nreka v. U.S. Att'y Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005); *see also Perkovic v. INS*, 33 F.3d 615, 618-19 (6th Cir. 1994) ("Denials of applications for withholding of deportation or for asylum, like denials of applications for suspension of deportation, qualify as 'order[s] of deportation' that may be judicially reviewed."); *Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir. 2006) ("Although the denial of asylum in a Visa Waiver Program case does not occur in the context of removal proceedings, denial of the asylum application is the functional equivalent of a removal order under the provisions of the Visa Waiver program.").[3] Therefore, the Real ID Act requires that

---

[3]Plaintiff's due process claim in this case involves his assertion that he was wrongly processed as an applicant under the Visa Waiver Program ("VWP") resulting in the denial of several procedural rights. Regardless of whether Plaintiff was processed as a VWP applicant or as an applicant for asylum, the cited case law supports the conclusion that the immigration judge's denial of relief amounts to an "order of removal" under the Real ID Act. The plaintiff in *Nreka* was paroled into the country as an asylum applicant only after being denied admission under the VWP. 408 F.3d at 1368. Meanwhile, *Kanacevic* involved a VWP applicant who was later denied asylum. 448 F.3d at 134-35.

6

Plaintiff submit his challenge "with an appropriate court of appeals." 12 U.S.C. § 1252(a)(5).

Finally, Plaintiff's claim that there is no order subject to challenge in a court of appeals ignores the fact that he did challenge the decision in the Eleventh Circuit. The Eleventh Circuit did not deny Plaintiff's petition for review on grounds that there was no removal order; rather, the Eleventh Circuit construed Plaintiff's petition as a challenge to a "removal order" and denied the petition on its merits. *Ametaj v. U.S. Att'y Gen.*, 238 Fed. Appx. 553, 553-54 (11th Cir. 2007). Like the claims submitted to the Eleventh Circuit, Plaintiffs present petition belongs in a court of appeals and this Court is barred by the Real ID Act from taking jurisdiction over the matter.

### III. Transfer to the Sixth Circuit

Anticipating this Court's lack of jurisdiction, Plaintiff also requests in his reply that the Court transfer his petition and motion to the Sixth Circuit. The government opposes such a transfer on grounds that the Real ID Act has been in effect since 2005 and Plaintiff should not be excused for filing in the wrong court.

In general, "petitions for habeas review that were pending in the district court as of [the Real ID Act's] effective date may be transferred to the court of appeals and treated like petitions for review, [but] a petition filed under § 2241 filed in a district court after that date must be dismissed." *Maxwell v. Bd. of Immigration Appeals*, No. 4:06 CV 353, 2006 WL 2987718, at *3 (N.D. Ohio Oct. 17, 2006); *see also Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006). Furthermore, this Court can only transfer the petition to a "court in which the action or appeal could have been brought at the time it was filed." 28

7

U.S.C. § 1631. Under the Real ID Act, not all courts of appeals are "appropriate" for the challenge of all orders of removal. One limitation provides, for example, that "[a] court may review a final order of removal only if . . . another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding . . . ." 8 U.S.C. § 1252(d)(2). As noted above, Plaintiff previously challenged the order of removal in the Eleventh Circuit. Under the circumstances, the Sixth Circuit does not appear to be a court in which Plaintiff could have filed his petition.[4] For these reasons, the Court denies Plaintiff's request for transfer to the Sixth Circuit and dismisses his petition for lack of jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiff's Petition for Writ of Habeas Corpus is **DISMISSED**.

                                                              s/PATRICK J. DUGGAN
                                                              UNITED STATES DISTRICT JUDGE

Copies to:
Caridad Cardinale, Esq.
Derri Thomas, AUSA

---

[4]The Court expresses no opinion as to whether Plaintiff's claims would be appropriate in any Court. If Plaintiff continues to pursue his due process claim, he should first assess whether his claim belongs in an administrative or judicial forum. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if – (1) the alien has exhausted all administrative remedies available to the alien as of right . . . .").